**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey New Jersey 07039
(973) 597-9100
Barry J. Roy
*Special Counsel to Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>TARIQ MALIK,<br><br>Debtor. | Case No. 24-11055 (RG)<br><br>Chapter 7 |
| DAVID WOLFF, Chapter 7 Trustee for Tariq Malik,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMAD A. SHAIKH,<br><br>Defendant. | Adv. Pro. No. |

**COMPLAINT TO AVOID AND**
**RECOVER PRE-PETITION TRANSFERS**

David Wolff, Chapter 7 Trustee (the "Trustee") for Tariq Malik (the "Debtor"), by and through his special counsel, Rabinowitz, Lubetkin & Tully, LLC, by way of Complaint against Muhammad A. Shaikh (the "Defendant"), seeks to: (1) avoid a transfer by the Debtor as fraudulent conveyance pursuant to Rule 7001 of the Federal Rules of Bankruptcy and 11 U.S.C. §§ 544 and 548; and (ii) recover the value of the avoided transfer pursuant to 11 U.S.C. § 550.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157 and 1334(b). Venue is properly laid in this district pursuant to 28 U.S.C. § 1409(a).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F) and (O). The applicable statutory basis for the claims asserted herein includes, but is not limited to, 11 U.S.C. §§ 544, 548 and 550.

## GENERAL ALLEGATIONS

3. On February 2, 2024 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 petition for relief under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

4. On February 3, 2024, the Trustee was appointed as Chapter 7 Trustee for the Debtor and continues to serve as trustee herein.

5. The Trustee conducted the Debtor's 341(a) meeting of creditors on March 3, 2024.

6. Upon information and belief, the Defendant is an individual residing at 6 Whitman Avenue, Apartment 1, Jersey City, New Jersey 07306.

7. On June 19, 2023, the Debtor issued a check to the Defendant in the amount of $5,000 (the "Transfer").

## COUNT I
## (11 U.S.C. § 548(a)(1)(A))

8. The Trustee repeats and realleges each allegation contained above as if set forth at length herein.

9. Upon information and belief, the Debtor made the Transfer with actual intent to hinder, delay, or defraud the Debtor's creditors.

10. Pursuant to Code §§ 548(a)(1)(A) and 550, the Trustee may avoid and recover the Transfer.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant as follows:

(a) avoiding the Transfer;

(b) for damages in amount equal to the value of the Transfer, together with interest and costs of suit;

(c) ordering that the Defendant turn over to the Trustee within ten days of judgment an amount equal to the value of the Transfer; and

(d) granting such other and further relief that the Court deems just and equitable.

## COUNT II
### (11 U.S.C. § 548(a)(1)(B)(i) and (ii))

11. The Trustee repeats and realleges each allegation contained above as if set forth at length herein.

12. Upon information and belief, the Debtor was insolvent during the entirety of the two years immediately prior to the Petition Date.

13. Upon information and belief, the Debtor, within two years of the Petition Date, the Debtor made the Transfer to the Defendant.

14. The Debtor received less than a reasonably equivalent value in exchange for the Transfer; and

(a) The Debtor was insolvent on the dates that the Transfer were made or became insolvent as a result of these transfers;

(b) The Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

(c) The Debtor intended to incur, or believed that it would incur debts that would be beyond its ability to pay as the debts matured.

15. Pursuant to Code §§ 548(a)(1)(B)(i) and (ii) and 550, the Trustee may avoid and recover the Transfer.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant as follows:

(a) avoiding the Transfer;

(b) for damages in amount equal to the value of the Transfer, together with interest and costs of suit;

(c) ordering that the Defendant turn over to the Trustee within ten days of judgment an amount equal to the value of the Transfer; and

(d) granting such other and further relief that the Court deems just and equitable.

**RABINOWITZ, LUBETKIN & TULLY, LLC**
*Special Counsel to Chapter 7 Trustee*

By: _____
BARRY J. ROY

Dated: June 19, 2024

F:\Client_Files\A-M\Malik, Tariq\Preferences\Shaikh\complaint.doc